### No. 527

LAMBRIGHT et v. EAST PALESTINE (City)
No. 19810.  Supreme Court

On motion to certify.  Dock. May 7, 1926.

1049.  RIPARIAN RIGHTS—1. May a riparian owner enjoin a municipality from polluting a natural water course, resulting from an inadequate disposal plant for refuse, where such pollution damages his property?

1235.  VERDICT—Is it error for the court to render judgment on a verdict when the jury mistakes evidence of other contributing causes as a complete defense instead of merely in mitigation of damages?

Claude and Sarah Lambright brought this action originally in Columbiana Common Pleas against the City of East Palestine to obtain an injunction against the city from polluting a natural stream upon which they were riparian owners.

It appears that the disposal plant maintained by the city was inadequate and that as a result the waters of what is known as Leslie's Run were polluted thereby causing obnoxious odors and a deposit of filth on the plaintiffs' property.

At the trial Lambright offered the testimony of 22 witnesses concerning the nuisance and the city offered some evidence of pollution from other sources and some expert testimony to the effect that the sewage would purify itself by flowing in the sunlight.

It is alleged in the brief filed by Lambright herein that the jury mistook the evidence as a complete defense instead of evidence to mitigate damages.

The judgment of the Common Pleas refusing the injunction was affirmed by the Appeals.

Lambright in the Supreme Court contends:

1. That there is no evidence to justify a finding that no nuisance existed.

2. That they are as a matter of right entitled to damages and injunction against the continuance of the nuisance complained of.

Attorneys—K. L. Cobourn, Salem, for Lambright; J. E. Banknecht, East Palestine, for City.

### No. 528

GOLDBERG v. STATE
No. 19796.  Supreme Court

Motion for leave to file.  Dock. April 28, 1926.

480.  EVIDENCE—1. In a murder trial may the prosecutor ask questions of the defendant to impeach his character and repudiation, when the subject matter of the questions is irrelevant to the facts of the case being tried?

2. May an alleged dieing declaration be admitted without legal prerequisite proof?

3. Is evidence concerning the conduct of the defendant immediately after the killing admissible?

It appears that Philip Goldberg shot and killed one William Spicuzza subsequent to an adulterous relationship between Spicuzza and Goldberg's wife.

The facts stated, it is contended, justify the shooting of the deceased and it is also claimed that the act was done in self-defense. Immediately after the shooting Goldberg of his own accord went to the police station and delivered to the officer in charge the gun he had used and stated that he had killed Spicuzza in self-defense.

The jury returned a verdict of guilty of second degree murder and the judgment of the Common Pleas was affirmed by the Appeals.

Goldberg, in the Supreme Court, contends:

1. That it was error to admit questions concerning certain acts of the defendant for the purpose of impeaching his character because the acts were irrelevant to the case being tried.

2. That it was error to admit an alleged dieing declaration of Spicuzza with the knowledge that he was dieing and with a sense of impending death.

3. That the trial court erred in refusing to admit evidence of Goldberg's conduct immediately after the shooting.

Attorneys—G. W. Spooner for Goldberg; E. C. Stanton for State; all of Cleveland.